White, J.
The decision of this case depends on the following provisions in title Y. of the Revised Statutes in relation to the benevolent institutions of the state.
“ Section 631. All persons admitted into any institution, except as otherwise provided in chapters relating to particular institutions, shall be maintained at the expense of the state, subject only to the requirement that they shall be neatly and comfortably clothed, and their traveling and incidental expenses paid by themselves, or those having them in charge.”
“ Section 632. If there be a failure in any case to pay incidental expenses, or furnish the necessary clothing, the steward or other financial officer of the institution is hereby authorized to pay such expenses and furnish the requisite clothing, and pay for the same out of the appropriation for the current expenses for the institution, keeping and reporting a separate account of the same. The account so drawn up, signed by such officer, countersigned by the superintendent, and sealed with the seal of the institution, shall be forwarded to the auditor of the county from which the person came, who shall pay the amount of said bill out of the county funds to the financial officer of the institution, to be audited to the current expense fund, and said auditor shall then proceed to collect the same, in the name of the state of Ohio, as other debts are collected.”
“ Section 700. Each county is entitled to send patients to the asylum of the district in which said county is situated, in proportion to the population of such county:” . . . “ All persons who have been, or may hereafter be admitted into either of the asylums for the insane belonging to the state, shall be maintained therein at the expense of the state.” . . .
The section last named ivas amended March 18, 1881, so *548 that the last clause above quoted reads as follows: “ All persons who have been, or may hereafter be admitted into either of the asylums for the insane, belonging to the state, shall be maintained therein at the expense of the state, except as provided in section six hundred and thirty one of this title of the Eevised Statutes.”
In title five the benevolent institutions of the state are classified; and a chapter is devoted to prescribing rules for the government of each class. Chapter one, in which are sections 631 and 632, applies to all the institutions without reference to the class to which they belong, except as is otherwise provided in chapters relating to particular institutions. Chapter nine relates to asylums for the insane, and section 700, which is found in that chapter, prior to the amendment of March 18, 1881, made special provision for clothing the patients admitted into such asylums, by declaring that they should “ be maintained therein at the expense of the state.” The maintenance thus provided included clothing as well as other necessaries. Section 706 prescribes with what clothing a patient shall be supplied at the time of his admission, and requires the probate judge, if such clothing is not otherwise furnished, to supply it, and pay for it in the mode prescribed out of the county treasury. Where, therefore, prior to the amendment of March 18, 1881, of section 700, a patient had been admitted into an asylum for the insane, properly clothed, subsequent clothing was furnished at the expense of the state; and sections 631 and 632 did not apply to such clothing. But the effect of the amendment of section 700 was to bring asylums for the insane within the operation of these sections.
Several objections are urged on behalf of the defendant against the allowance of the writ for the payment of the expenses incurred for clothing since the amendment.
1. It is claimed that the clothing which the persons admitted into the institutions or those having them in charge is required to furnish, under section 631, refers only to such clothing as they are required to have at the time of their admission.
We cannot assent to this claim. It seems plain to us that the obligation imposed by this section for the supply of cloth *549 ing to persons admitted into the institution continues as long as they remain in it. And in the case of patients in an asylum for the insane, such expenses are chargeable on their estates or on those who would be legally bound to furnish such clothing if they were not in the asylum. If the duty thus imposed by section 631 should not be performed, the remedy in such case of failure is found in section 632, which is the mode adopted in the present case for reimbursing the institution.
2. It is also claimed that this construction of the statute brings it in conflict with section 1, article 7 of the constitution, which declares that “ institutions for the benefit of the insane, blind, deaf and dumb, shall always be fostered and supported by the state; and be subject to such regulations as may be prescribed by the general assembly.”
The answer to this objection is that the provision of the constitution is not self executing, and that the mode in which such institutions are to be fostered and supported is left to the discretion of the general assembly. That discretion has been exercised in the passage of the statute now under consideration.
There are other objections which we deem unnecessary to notice, further than to say that they are not well taken.
As to the clothing furnished by the state prior to the amendment of section 700, the writ is refused; and as to that subsequently furnished a peremptory writ is awarded.